OPINION *Page 2 
{¶ 1} Appellants Ronald Hilleary, Junior Lee Denney, and Teddie E. Denney appeal a judgment of the Court of Common Pleas of Licking County, Ohio, entered in an administrative appeal brought pursuant to R.C. Chapter 2506 from a decision of Appellee the Perry Township Board of Township Trustees.
 {¶ 2} Aaron L. Smith Sr. brought a partition complaint, asking the Board to order appellants to repair or replace the line fence running between Smith's property and appellants' properties. The Board found the cost of compliance by appellants would not exceed the difference between the value of the land before and after the installation of the partition fence. Appellants appealed, and after reviewing the matter, the court found the "quality of evidence adduced at the initial determination" of the Board was "simply insufficient as a matter of law" to support the Board's decision. The court remanded the matter to the Board for further evidence.
 {¶ 3} Before addressing the merits of the case, we must first address whether the court's decision is a final, appealable order. Appellate courts have jurisdiction to review only final orders or judgments. See, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.
Revised Code 2505.02 states, in relevant part, as follows:
"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; *Page 3 
"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
"(3) An order that vacates or sets aside a judgment or grants a new trial;
"(4) An order that grants or denies a provisional remedy and to which both of the following apply:
"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"
 {¶ 4} We find the order appealed from is not a final appealable order because none of the above applies, and the trial court has not reached the merits of the case. This decision does not preclude the possibility appellants may prevail after remand. *Page 4 {¶ 5} We find we lack jurisdiction over the matter, and consequently, the appeal is dismissed.
Gwin, P.J., Wise, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed. Costs to appellants. *Page 1